UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISAAC MORALES,

                Plaintiff,

-*against*-

'B' POST OFFICER JOHN DOE;
WARDEN OF EMTC FACILITY; CITY OF
NEW YORK; DEFENDANT(S) JOHN
DOE; DEPARTMENT OF CORRECTION,

                Defendants.

25-CV-4170 (ER)

ORDER OF SERVICE
AND VALENTIN ORDER

---

EDGARDO RAMOS, United States District Judge:

    Plaintiff, who currently is detained on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that while detained at the Eric M. Taylor Center ("EMTC"), Defendants failed to protect him from an assault by another detainee. By order dated June 30, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

    Plaintiff names as Defendants "B Post Officer John Doe," the EMTC Warden, the City of New York, and the New York City Department of Correction ("DOC").[2] As set forth below, the Court dismisses DOC because it is a non-suable entity, asks the City of New York and the EMTC Warden to waive service of summons, and directs the New York City Law Department to identify B Post Officer John Doe. Local Civil Rule 33.2 applies to this case.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Plaintiff also names a "John Doe" in the caption of the complaint but does not provide a description of this individual.

**DISCUSSION**

Plaintiff's claims against the DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Pursuant to the electronic service agreement between the Court and the DOC, the Clerk of Court is directed to electronically notify the New York City Law Department and the DOC of this order.

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOC to identify "B Post Officer John Doe." It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity and badge number of the John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[3] The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

---

[3] If the Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendant. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking the newly named Defendant to waive service.

## CONCLUSION

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York and the Warden of the Eric M. Taylor Center waive service of summons, and that the New York City Law Department respond as directed in the *Valentin* order.

The Court dismisses the claims against the DOC because it is a non-suable entity. The Court directs the Clerk of Court to terminate this defendant.

The Court directs the Clerk of Court to mail Plaintiff an information package.

SO ORDERED.

Dated:   July 28, 2025
         New York, New York

                                                    _____
                                                            EDGARDO RAMOS
                                                        United States District Judge